IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| H & M FARMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV101 |
| | ) | |
| V. | ) | |
| | ) | |
| CARGILL, INCORPORATED, and | ) | FINDINGS AND |
| LEON VANDEN BERGE, | ) | RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff H & M Farms, Inc.'s Motion to Remand (filing 6). For the reasons set forth below, I recommend that this case be remanded to state court for lack of federal jurisdiction.

## BACKGROUND

On February 21, 2012, Plaintiff filed this lawsuit in the District Court of Howard County, Nebraska against Cargill, Incorporated ("Cargill") and Leon Vanden Berge ("Vanden Berge"). The lawsuit arises out of Plaintiff's purchase of crop nutrition products and related advisory services from Cargill during the crop years 2007, 2008, and 2009. Plaintiff alleges that Cargill and its employee, Vanden Berge, were to select the crop nutrients and associated application rates and rate application locations to be applied to Plaintiff's crop land. Plaintiff contends that Defendants selected inappropriate crop nutrients, application rates and application locations and that, in the course of doing so, made several misrepresentations to Plaintiff. Specifically, with respect to the alleged misrepresentations, the Complaint states, in part, that "[r]especting selection of nutrients and application rates, Vanden Berge represented that the recommendations of Ward Laboratories would be followed" and that "Vanden Berge did not follow the recommendations of Ward Laboratories as he represented that he would." (Filing 1 at CM/ECF pp. 3, 5.) The Complaint asserts claims for breach of contract and breach of warranty against Cargill and includes claims for negligence, fraudulent misrepresentation/concealment and negligent

misrepresentation/failure to disclose against both Cargill and Vanden Berge.

Cargill removed the action to federal court, alleging that this court has diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff requests that this case be remanded to state court, arguing that this court lacks diversity jurisdiction because Vanden Berge is a Nebraska resident and, therefore, complete diversity does not exist.

## ANALYSIS

A defendant may remove an action from state court to federal court when a federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over cases that meet the standards for diversity jurisdiction. Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction can only be maintained, however, "where there is complete diversity, that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix International Company*, 628 F.3d 439, 445 (8th Cir. 2010) (internal citation and quotation omitted).

In this case, there is no dispute that complete diversity is not present, as Plaintiff is a Nebraska corporation and Defendant Vanden Berge is a Nebraska citizen. Cargill argues, however, that this court may retain jurisdiction because Vanden Berge is a sham defendant who was added to the state court action simply to destroy federal diversity jurisdiction. In support of its argument, Cargill points out that when a plaintiff joins a non-diverse party, remand may be avoided if it is demonstrated that the non-diverse party was fraudulently joined. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Therefore, the question to be decided here is whether Vanden Berge was fraudulently joined for purposes of defeating diversity jurisdiction.

In *Filla*, the Eighth Circuit Court of Appeals held that, in evaluating a claim of fraudulent joinder,

> a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent . . . However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged- then there is no fraudulent joinder . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, it there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Id*. at 810 (emphasis in original) (internal citations and quotations omitted). The *Filla* court reiterated, "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id*. at 811. In reviewing a fraudulent-joinder claim, "the court has no responsibility to *definitively* settle the ambiguous question of state law." *Id*. (emphasis in original).

The parties agree that, under Nebraska law, an employee can be held individually liable for his tortious acts performed in his employment. *See Fonda v. Nw. Pub. Serv. Co., 134 Neb. 430, 278 N.W. 836, 840 (1938)*. Cargill acknowledges that an employee, like Vanden Berge, can be held liable for his actions when he acts without due care in regard to the aspects of the work that he controls. Cargill argues, however, that Plaintiff has failed to plead a sufficient factual foundation in its Complaint to support its claims. Cargill maintains that Plaintiff's Complaint does not differentiate between Vanden Berge's actions committed in the scope of his employment from those actions wholly separate and contrary to Cargill's direction. Cargill asserts that because Plaintiff has not alleged that Vanden Berge acted beyond Cargill's direction or had an individual duty, Plaintiff has not stated a colorable cause of action under Nebraska law.

Although Plaintiff's Complaint was drafted broadly at times, the undersigned concludes that it states facts sufficient to make a colorable claim against Vanden Berge. *See Junk, 628 F.3d at 446* (finding that although the plaintiff's complaint was not artfully drafted, it nevertheless stated facts sufficient to make a colorable claim); *Greenshields v. Warren*

*Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957) ("[A]ll doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court jurisdiction."). Contrary to Cargill's contention, the Complaint contains allegations specific to Vanden Berge. For instance, the Complaint states that "[r]especting selection of nutrients and application rates, Vanden Berge represented that the recommendations of Ward Laboratories would be followed" and that "Vanden Berge did not follow the recommendations of Ward Laboratories as he represented that he would." (Filing 1 at CM/ECF pp. 3, 5.) Although the Complaint does not always distinguish between allegations against Cargill and Vanden Berge, and instead refers to them collectively as "Defendants," the court must "resolve all doubts concerning removal in favor of remand." *Stone v. Baxter International, Inc.*, No. 4:08CV3201, 2009 WL 236116, *5 (D. Neb. Jan. 30, 2009). *See also Junk*, 628 F.3d at 447 (stating that although the conjunctive nature of the complaint did not always distinguish between allegations against the employer and employee, all doubts should be resolved in favor of remand). From the face of Plaintiff's Complaint, there is a reasonable basis for predicting that state law might impose liability on Vanden Berge for his allegedly tortious conduct or alleged misrepresentations.

Through its opposition to Plaintiff's motion, Cargill essentially asks the court to determine whether the Complaint alleges a valid claim for relief against Vanden Berge. However, in evaluating whether remand is appropriate, this is not the court's task. Rather, the court must only determine if state law might impose liability or whether there is a reasonable basis in fact and law supporting the claim. *See Harchelroad Motors, Inc. v. Universal Underwriters Ins. Co.*, No. 7:11CV5002, 2011 WL 2447093, *6 (D. Neb. May 16, 2011 ("When faced with a claim of fraudulent joinder, the district court need not determine whether the plaintiff's complaint alleges a valid claim for relief under applicable state law.") Questions of whether Plaintiff's allegations are sufficiently specific under Nebraska pleading rules and whether Plaintiff will ultimately prevail on its claims should be determined in state court.

In a further effort to preclude remand, Cargill asserts that Plaintiff had an improper motive in filing the state court action. Currently pending in this court is a suit filed by Cargill against Plaintiff for breach of contract, account stated and unjust enrichment. *See Cargill,*

4

*Inc. v. Kroeger, et al.*, Case No. 8:11CV81 (D. Neb. 2011). In that suit, Cargill alleges that Plaintiff signed a financing application asking Cargill to provide deferred payment terms on the purchase of crop input products and services, but after Cargill provided the services, Plaintiff refused to pay. Plaintiff has asserted counterclaims in that action, alleging that in the 2010 crop year, Cargill selected improper products for use on Plaintiff's land. Through its counterclaims, Plaintiff contends that Cargill is liable for breach of contract, negligence, breach of warranty, violations of the Consumer Protection Act, fraudulent misrepresentation/concealment and negligent misrepresentation/failure to disclose for the year 2010. Cargill alleges that Plaintiff filed the state court action because it missed the deadline to file an amended counterclaim in Case No. 8:11CV81 to add claims related to the 2007, 2008 and 2009 crop years.

In evaluating the Motion to Remand, the court will not review Plaintiff's procedural motive in filing the state court action. As explained above, the court is limited to determining "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. Because I conclude that Plaintiff has asserted a colorable claim against Vanden Berge, I will recommend that the Motion to Remand be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable Laurie Smith Camp, Chief United States District Court Judge, that Plaintiff's Motion to Remand (filing 6) be granted and that this action be remanded to state court.

**DATED May 30, 2012.**

                                            **BY THE COURT:**

                                            S/ F.A. Gossett
                                            **United States Magistrate Judge**